STATIC CONTROL COMPONENTS INC v. LEXMARK INTERNATIONAL INC et al                                                                Doc. 1 Att. 4

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC.,<br><br>PLAINTIFF/COUNTERCLAIM DEFENDANT<br><br>V.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>DEFENDANT/COUNTERCLAIM PLAINTIFF<br><br>v.<br><br>WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES<br><br>COUNTERCLAIM DEFENDANT<br>v.<br><br>PENDL COMPANIES, INC.<br><br>COUNTERCLAIM DEFENDANT<br><br>v.<br><br>NER DATA PRODUCTS, INC.<br><br>COUNTERCLAIM DEFENDANT | PENDING IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY, BEFORE THE HONORABLE GREGORY F. VAN TATENHOVE, CIVIL ACTION 04-CV-84-GFVT.<br><br>CIVIL ACTION NO. |

**DECLARATION OF WILLIAM H. BARRETT IN SUPPORT OF
MOTION TO QUASH IMPROPER SUBPOENA
SERVED ON OPPOSING PARTY'S LITIGATION COUNSEL**

I, William H. Barrett, hereby certify and declare as follows:

1.  I am an attorney who has been licensed to practice law in the District of Columbia, and am admitted to practice before this Court.

2.  I am a partner in the law firm of McDermott Will & Emery LLP ("MWE") based

FILED
OCT 31 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dockets.Justia.com

in the firm's Washington, D.C. office.

3. I have personal knowledge of the facts stated in this declaration.

4. In about October 2000, Static Control retained MWE to represent Static Control in Europe on a trademark matter brought against Static Control by Lexmark.

5. In 2002, Static Control retained MWE to represent it in a copyright dispute against Lexmark, a case that was ultimately consolidated into the above captioned matter.

6. MWE was retained by Static Control solely as litigation counsel and not to offer any opinions as to the validity or infringement of any patent.

7. As litigation counsel for Static Control, MWE has not provided any party to this litigation, including Static Control, with any opinion as to the validity or infringement of any patent. Nor has MWE provided any legal services whatsoever to any party in the litigation with Lexmark other than Static Control.

8. MWE has participated with other counsel for Static Control and counsel of all of the co-defendants in the Lexmark litigation in privileged communications concerning matters of common interest to their preparation for trial, pursuant to a written common interest agreement executed by counsel to each of the co-defendants.

9. The common interest agreement does not contemplate the provision of, nor has it been used to provide, any party with any opinions as to the validity or infringement of any patent.

10. On October 18, 2006, Lexmark issued subpoenas to trial counsel for each of the co-defendants in the litigation including: MWE, counsel for Static Control; Bartlit Beck Herman Palenchar & Scott LLP, counsel for Static Control; Stan Amberg, counsel for Static Control; Stites and Harbison PLCC, counsel for Pendl Companies, Inc.; Cesari & McKenna LLP, counsel

for NER Data Products, Inc.; and Moldo, Davidson, Fraioli, Seror & Sestanovich, LLP, counsel for Wazana Brothers International, Inc.

11. To the best of my knowledge, neither Robert Becker nor the law firm Coudert Brothers has played any role in this litigation.

12. MWE has never had any communications with Mr. Becker or Coudert Brothers concerning Pendl or this litigation.

13. There have been no communications between MWE and Pendl Companies, Inc.

14. Any document or other communication between McDermott and Static Control that is responsive to the topics in the subpoena would have been made to Static Control for the purpose of providing legal services in connection with the ongoing litigation in Kentucky.

15. Any document in the possession of McDermott or any other communication by McDermott, including communication with Stites & Harbison, that is responsive and relevant to the topics in the subpoena would have been made in preparation for the anticipated trial in Kentucky.

16. Any communication made by McDermott to Stites & Harbison that is responsive and relevant to the topics in the subpoena was made in the course of the joint defense effort to defend against Lexmark's counterclaims and any such communication was designed to further the joint defense effort.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed October 29, 2006

William H. Barrett

WDC99 1303525-1.059787.0017