# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC., | Pending in the United States District Court Eastern District of Kentucky, before the Honorable Gregory F. Van Tatenhove, Civil Action 04-CV-84-GFVT. |
|     PLAINTIFF/COUNTERCLAIM DEFENDANT | |
| v. | |
| LEXMARK INTERNATIONAL, INC., | |
|     DEFENDANT/COUNTERCLAIM PLAINTIFF | |
| v. | |
| WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES | MISCELLANEOUS ACTION NO. 06-0474-GK |
|     COUNTERCLAIM DEFENDANT | |
| v. | |
| PENDL COMPANIES, INC. | |
|     COUNTERCLAIM DEFENDANT | |
| v. | |
| NER DATA PRODUCTS, INC. | |
|     COUNTERCLAIM DEFENDANT | |

## REPLY IN SUPPORT OF MCDERMOTT WILL & EMERY'S MOTION TO QUASH LEXMARK'S SUBPOENA ON OPPOSING LITIGATION COUNSEL

## I.    INTRODUCTION.

Lexmark's Opposition to McDermott Will & Emery's Motion to Quash Lexmark's

Subpoena of October 18, 2006 fails to address McDermott's argument that the October 18

subpoena was directed at obviously privileged materials, thus conceding all of McDermott's

arguments in support of its Motion.  Instead, Lexmark focuses on a second subpoena, issued on

November 8, 2006, addressing fundamentally different issues not at issue before the Court.

Because Lexmark failed to address arguments that its October 18 subpoena to McDermott lacks

any legal basis, McDermott's motion should be granted, and the Court should award McDermott

it's attorneys fees.

Lexmark has abused its power under Rule 45 by serving *two* subpoenas on Static

Control's counsel, on October 18 and November 8, 2006, when it should have served one.  And

now, having realized that its October 18 subpoena is baseless and in violation of Federal Rules

26 and 45, Lexmark argues the merits of its November 8 subpoena, which is not at issue before

the Court.  The parties have agreed to hold the November 8 subpoena in abeyance, pending

action by the District Court judge, in the Eastern District of Kentucky.  Instead of *opposing* the

instant Motion to Quash the October 18 subpoena issued by this Court, Lexmark should have

*withdrawn* the subpoena.  The fact that Lexmark does not address McDermott's arguments, and

instead proffers a new subpoena, and submits arguments focused on the alleged waiver

contemplated by that subpoena, betrays Lexmark's bad faith, and abuse of the Rule 45 subpoena

power.  Regardless of whether this mismanagement is the result of malice or carelessness, the

Court should Quash the October 18 subpoena and tax Lexmark the cost of McDermott's

attorneys fees.

## II.    ARGUMENT: THE COURT SHOULD QUASH LEXMARK'S ABANDONED SUBPOENA AND AWARD MCDERMOTT ATTORNEYS FEES.

### A.    Lexmark Does Not Contest McDermott's Rationale for Quashing the October 18, 2006 Subpoena.

As thoroughly set forth in McDermott's Memorandum in support of the Motion to Quash

Lexmark's October 18 subpoena, McDermott takes the position that Pendl's alleged waiver,

premised on Pendl's advice of counsel defense, is ineffective, and inapplicable to McDermott

and McDermott's client Static Control.

2

*First*, because Pendl is not McDermott's client, there is no logical reason, Lexmark cites no authority, and Lexmark makes no argument that a party's advice of counsel defense can force a co-defendant's counsel to produce privileged documents. McDermott's brief cited two cases for the proposition that an advice of counsel defense waiver is ineffective against co-defendants: *Ross v. City of Memphis*, 423 F.3d 596, 603 (6th Cir. 2005) (defendant's advice of counsel defense does not require co-defendant to produce privileged materials), and *AT&T Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 8710 *20 (N.D. Cal. April 18, 2003) (noting absence of precedent for one defendant's advice of counsel defense to effect a waiver of co-defendants privilege). Lexmark does not contest this.[1]

*Second*, while Pendl and Static Control are co-defendants and have a common interest agreement, established precedent protects Static Control from being forced to waive privilege as a result of Pendl's alleged waiver. McDermott's brief cited expansive authority for the proposition in support of common interest privilege.[2] McDermott also cited authority establishing that where co-defendants cooperate in litigation under a common interest agreement, one co-defendant's waiver does not effect a waiver against all other co-defendants. *John Morrell & Co. v. Local Union 304A of United Food and Commercial Workers, AFL-CIO*, 913 F.2d 544,

---

[1] In addition, McDermott's Motion should be granted because it is uncontested that there are no responsive documents or responsive deposition topics. In an affidavit submitted with its Motion, McDermott stated that: (i) it has not provided any party with an opinion regarding the validity or infringement of any of the patents-in-suit; (ii) McDermott has not provided legal services to any party other than Static Control; (iii) there have been no communications between McDermott and Pendl; and (iv) any documents or communications responsive to the subpoena deal solely with the litigation. *See* Ex. 4 of McDermott's Memorandum in Support of Motion to Quash, at ¶¶7, 13-16. Lexmark does not contest the affidavit submitted in support of McDermott's motion to quash and submitted no competing affidavit with its Opposition. *See* Opp'n, at 4 fn. 2 (relying only on unsupported attorney argument that "it strains credibility to think that McDermott has never [made such communications.]"). Further, Lexmark represents in its Opposition that "***Lexmark does not seek discovery of litigation or trial strategy.***" *Id* (emphasis added). "***To be clear, Lexmark is not seeking litigation or trial strategy from McDermott.***" *Id.* at 12 (emphasis added). Because the uncontested evidence in McDermott's affidavit is that all things possibly responsive to the subpoena relate to litigation strategy, Lexmark's subpoena should be quashed.

[2] Lexmark's complaint that Static Control's counsel, and co-defendant's counsel have refused to produce their common interest agreement is a red herring. The agreement itself is privileged. *A.I. Credit Corp. v. Providence Wash. Ins. Co.*, 1997 U.S. Dist. LEXIS 6223, at *12 (S.D.N.Y. May 7, 1997)("joint defense agreements are generally considered privileged").

555-56 (8th Cir. 1990) (common interest cannot be waived without consent of all co-defendants) (citing cases); *In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129*, 902 F.2d 244 (4th Cir. 1990) (co-defendant cannot unilaterally waive privilege without consent of other co-defendants). McDermott also cited specific authority relating to waiver in the context of an advice of counsel defense. *Interfaith Housing Delaware, Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1402 (D. Del. 1994) (where co-defendant raises an advice of counsel defense, resulting waiver does not effect a waiver of all other co-defendants' privilege). Lexmark does not contest this.

Lexmark's Opposition does not contest or distinguish *any* of the cases cited by McDermott. Lexmark's Opposition does not contest *any* of McDermott's arguments based on these cases. By ignoring these arguments and offering no competing authority, Lexmark concedes McDermott's position that the alleged Pendl waiver cannot waive Static Control's privilege rights. Where an opposing party to a motion offers no argument or authority to contest the moving party, the Court may take the moving party's argument as conceded. *Bancoult v. McNamara,* 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("If the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted); *Day v. D.C. Dep't of Consumer & Regulatory Affairs,* 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.") (citations omitted); *see also United States v. Real Prop. Identified As Parcel 03179-005R,* 287 F. Supp. 2d 45, 61-62 (D.D.C. 2003) (failure to address an argument equates to a concession of that argument under the Local Civil Rules).

**B.    Lexmark's Opposition Abandons the October 18 Subpoena and Instead Addresses the Merits of a *New* Subpoena, Issued on November 8, 2006.**

While Lexmark ignores McDermott's argument that the Pendl waiver cannot effect a waiver of Static Control's privilege rights, Lexmark premises its entire Opposition on a novel waiver argument not found in the October 18 subpoena. *Irrespective of Pendl's waiver –* Lexmark argues that *Static Control* has waived its privilege by procuring and disseminating a letter written by a law professor from the University of North Carolina, Walker Blakey. *See, e.g.,* Opp'n at 14 ("Static Controls waived by disclosing the Blakey Opinion."). McDermott's memorandum, which was filed on October 31, 2006, made reference to this separate, independent waiver dispute at footnote 7, page 6. Thereafter, on November 8, Lexmark served a new round of subpoenas premised on the alleged waiver resulting from the Blakey Letter.

For a number of important reasons, it is not necessary to wade into the merits of the waiver argument relating to professor Blakey's letter.

*First*, Lexmark's October 18 subpoena has no relation to the Blakey letter. Lexmark's counsel has plainly stated the basis for the first round of subpoenas is the Pendl advice of counsel defense, *not* the Blakey Letter: "the subpoenas we served on your respective law firms [were based on] Pendl's decision to invoke the advice of counsel defense." Ex. 1 (p.2) to McDermott's Memorandum in Support of Motion to Quash. And of course, Pendl's advice of counsel defense arises from *Pendl's* reliance "on a legal opinion from one of its attorneys ('the Becker Opinion')." Lexmark Opp. at 3. The October 18 subpoena makes no reference to the Blakey Letter. Ex. 6. to McDermott's Memorandum in Support of Motion to Quash. With one exception, each of the nine (9) document requests, and each of the eight (8) deposition topics set forth in the October 18 subpoena relate to "communications between [McDermott] and Pendl." *Id.* The exception, Lexmark's first document request, seeks documents relating to "Robert

Becker's letter to Randy Pendl." *Id.* The Blakey Letter is clearly *not* the basis for Lexmark's October 18 subpoena.

*Second*, while the Blakey Letter is not referenced in the October 18 subpoena, Lexmark explicitly relies on it as the basis for its *new* subpoena. On November 8, only a few days before filing its Opposition, Lexmark served subpoenas on McDermott and other counsel representing Static Control, all premised on the alleged waiver of privilege effected by the Blakey Letter.[3] Ex. 1. In fact, as noted by Lexmark, the issue of this alleged waiver has already been the subject of a Magistrate Judge's ruling in the home jurisdiction of the underlying litigation, the Eastern District of Kentucky. Presently, this issue is pending before the District Court Judge.

Lexmark's Opposition argued erroneously that the waiver effected by the Blakey Letter is a settled matter. On November 13, Lexmark executed an agreement with Static Control's counsel, including McDermott, to hold the November 8 subpoenas in abeyance, pending an anticipated ruling from the Eastern District of Kentucky. Ex. 2. Lexmark's duplicity is remarkable. On the one hand, Lexmark has agreed to hold the November 8 subpoena in abeyance in the Eastern District of Kentucky. On the other hand, Lexmark *opposes* the instant motion in this Court, arguing that the Blakey Letter effects a waiver of privilege.

Because (1) the alleged waiver resulting from the Blakey Letter is not the basis for the October 18 subpoena, (2) Lexmark served a second subpoena premised on the Blakey Letter, and (3) Lexmark is willing to hold that second subpoena in abeyance, it is completely nonsensical for Lexmark to premise its Opposition on the Blakey Letter.

---

[3] As noted in the Magistrate's opinion attached to Lexmark's Opposition (Exhibit A), the alleged waiver of privilege resulting from the dissemination of the Blakey Letter is the grounds for Lexmark's request for production of *all* documents (privileged or otherwise) relating to Static Control's "efforts to defeat the [Lexmark] prebate program." *Static Control Components, Inc., v. Lexmark Int'l.*, 2006 U.S. Dist. LEXIS 40612, *10-15 (E.D. Ky. June 15, 2006). Eight of the nine document requests, and seven of the eight deposition topics found in Lexmark's November 8 subpoena consist of various species of documents relating to Static Control's "efforts to defeat the [Lexmark] prebate program." Ex. 1.

Finally, Lexmark further confuses the issues of two distinct waiver arguments, arguing

that *In re Echostar*, 448 F.3d 1294 (Fed. Cir. 1996), as well as related cases, all stand for the

proposition that the Blakey Letter effects a broad and unlimited waiver of privilege against Static

Control. None of these cases is relevant to Static Control's dissemination of the Blakey Letter

because, among other things, Static Control has not tendered an advice of counsel defense, and

each of the cases upon which Lexmark relies addresses waiver resulting from the decision to

invoke an advice of counsel defense. Here, Lexmark's ample discussion of waiver by raising an

advice of counsel defense is inapposite because Static Control has not raised an advice of

counsel defense. *Rhone-Poulenc Rorer Inc. v. The Home Indemnity Co.*, 32 F.3d 851, 863 (3rd

Cir. 1994) (a key tenet of the advice of counsel waiver is that a client has the power to make the

"decision whether or not to waive the privilege by putting the attorney's advice in issue . . . the

client's confidential communications will not be disclosed unless the client takes an affirmative

step to waive the privilege.").

### C.     Lexmark's Abuse of The Rule 45 Subpoena Power Warrants The Sanction of Attorney Fees.

As explained above, Lexmark has mismanaged and abused the Rule 45 subpoena power

by serving a defective subpoena and seeking to enforce that subpoena even while implicitly

acknowledging its defect. Regardless of Lexmark's malice, Lexmark's reckless effort to enforce

the October 18 subpoena warrants the sanction of attorney fees, under Fed. R. Civ. Proc. 45(c).

*American Int'l Life Assurance Co. of New York v. Vazquez*, 2003 U.S. Dist. LEXIS 2680 *8-11

(S.D.N.Y. February 24, 2003) (granting sanction of fees where party subpoenaed attorneys,

seeking obviously privileged information that "he should have known could not be compelled");

*Watson v. State*, 2006 U.S. Dist. LEXIS 55206 *7-11 (D. Mt. July 27, 2006) (subpoena "issued

in good faith ... may still be improper if the party serving the subpoena has failed to take

7

reasonable steps to avoid imposing undue burden or expense," sanction of attorneys fees appropriate).

## III.    CONCLUSION

For the reasons set forth above, McDermott respectfully requests the Court to QUASH Lexmark's October 18 subpoena premised on co-defendant Pendl's advice of counsel defense. Because Lexmark has been unreasonable and intransigent in seeking to enforce this subpoena, and because Lexmark has simultaneously *conceded* the legal arguments sets forth in McDermott's motion, and yet persists in *opposing* the motion, McDermott respectfully requests the Court to tax attorneys fees to cover McDermott's costs in defending against Lexmark's meritless subpoena.

Respectfully Submitted,

William H. Barrett (D.C. Bar No 954131)
Stefan M. Meisner (D.C. Bar No. 467886)
Paul E. Poirot (D.C. Bar No. 459844)
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202.756.8000

*Attorneys for Plaintiff/Counterclaim Defendant*
*STATIC CONTROL COMPONENTS, INC.,*

Dated: November 20, 2006

WDC99 1312745-1.059787.0017

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served this 20th day of November 2006, by electronic mail, to the following (*) individuals:

### BY FIRST CLASS MAIL:

Charles F. Shivel, Jr.
Steven B. Loy*
Hanly A. Ingram
STOLL, KEENON & PARK, LLP
300 West Vine St., Suite 2100
Lexington, KY 40507
Fax: (859) 253-1093
*Counsel for Lexmark Int'l, Inc.*

Joseph M. Potenza*
BANNER & WITCOFF, LTD.
1001 G Street, NW, 11th Floor
Washington, DC 20001
Fax: (202) 508-9299
*Counsel for Lexmark Int'l, Inc.*

Christopher J. Renk
Binal J. Patel*
Jason S. Shull
Timothy C. Meece
BANNER & WITCOFF, LTD.
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Fax: (312) 715-1234
*Counsel for Lexmark Int'l, Inc.*

W. Andrew Copenhaver*
Donald R. Esposito, Jr.
Hada V. Haulsee, Mark N. Poovey
WOMBLE, CARLYLE, SANDRIDGE &
RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
*Counsel for Lexmark Int'l, Inc.*

Douglas L. McSwain
Andrew DeSimone*
STURGILL, TURNER, BARKER &
MOLONEY PLLC
155 E. Main Street, Suite 400
Lexington, KY 40507-1317
*Counsel for Wazana Bros. Int'l, Inc.*

Darren S. Enenstein
Steven E. Moyer
O. Andrew Wheaton
Geronimo Perez
A. Steven Dotan*
Kimberly D. Lewis
James M. Gilbert
Jeffrey Glassman
Ira M. Siegel
Donald Urrabazo
Ned Gelhaar
Gregory Kim
MOLDO DAVIDSON FRAIOLI SEROR &
SESTANOVICH, LLP
1925 Century Park East, 16th Floor
Los Angeles, CA 90067
*Counsel for Wazana Bros. Int'l, Inc.*

Jack A. Wheat
Joel T. Beres*
Jennifer L. Kovalcik
William C. Ferrell, Jr.
STITES & HARBISON
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352
*Counsel for Pendl Companies, Inc.*

Elizabeth L. Thompson
Daniel D. Danford*
STITES & HARBISON PLLC
250 W. Main Street
2300 Lexington Financial Center
Lexington, KY 40507
*Counsel for Pendl Companies, Inc.*

9

WDC99 1312745-1.059787.0017

Jay E. Ingle*
JACKSON KELLY PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, KY  40588-9945
*Counsel for NER Data Products, Inc.*

Thomas C. O'Konski
Michael R. Reinemann*
CESARI & MCKENNA, LLP
88  Black Falcon Avenue
Suite 271
Boston, MA  02210
*Counsel for NER Data Products, Inc.*

Andrew Oatway*
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA  02169-5203
*Counsel for NER Data Products, Inc.*

McDermott Will & Emery LLP

WDC99 1312745-1.059787.0017

Exhibit 1

ALL-STATE® LEGAL  800-222-0510   EDR11   RECYCLED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CASE NO. 04-CV-84-GFVT

STATIC CONTROL COMPONENTS, INC.  PLAINTIFF/COUNTERCLAIM DEFENDANT

LEXMARK INTERNATIONAL, INC.          DEFENDANT/COUNTERCLAIM PLAINTIFF

V.

WAZANA BROTHERS INTERNATIONAL, INC.
d/b/a MICRO SOLUTIONS ENTERPRISES          COUNTERCLAIM DEFENDANT

V.

PENDL COMPANIES, INC.                      COUNTERCLAIM DEFENDANT

V.

NER DATA PRODUCTS, INC.                    COUNTERCLAIM DEFENDANT

****************************

### NOTICE OF DEPOSITION OF McDERMOTT WILL & EMERY LLP

PLEASE TAKE NOTICE that pursuant to Rules 30(b)(6) and 45 of the Federal

Rules of Civil Procedure, Lexmark International, Inc., will take the video deposition upon

oral examination of McDermott Will & Emery LLP, before an authorized court reporter.

Said deposition will take place at the offices of Banner & Witcoff, Ltd., 1001 G. ST., NW,

Suite 1100, Washington, D.C.  20001, on November 15, 2006 at 9:00 a.m., or at some

other date, time or place if agreed to by counsel, and will continue thereafter from day to

day until completed.   Further, said deposition will be used for any and all purposes

permitted under the Federal Rules of Civil Procedure.

Prior to the deposition, on November 13, 2006 at 9:00 a.m., the deponent is

requested to produce for inspection and copying, those items listed on the attached

Exhibit "A" at the offices of Banner & Witcoff, Ltd., 1001 G. Street, NW, Suite 1100, Washington, D.C. 20001., or at some other date, time or place if agreed to by counsel.

Lexmark International, Inc. will take the deposition of McDermott, Will & Emery to testify regarding the topics identified on the attached Exhibit "B".

Please take notice that the deponent, McDermott Will & Emery LLP is to designate the person or persons to testify fully on its behalf to each of the matters described above on which examination is requested. The deponent may, if it so desires, designate the matters on which each person will testify. The person or persons designated to testify shall appear at the time in this Notice to give testimony.

Dated: November 8, 2006

CHARLES E. SHIVEL, JR.
 (charles.shivel@skofirm.com)
STEVEN B. LOY (steven.loy@skofirm.com)
HANLY A. INGRAM (hanly.ingram@skofirm.com)
STOLL KEENON OGDEN PLLC
300 WEST VINE STREET, SUITE 2100
LEXINGTON, KY 40507
TELEPHONE: (859) 231-3000

JOSEPH M. POTENZA
 (jpotenza@bannerwitcoff.com)
FREDERIC M. MEEKER
 (fmeeker@bannerwitcoff.com)
CHRISTOPHER B. ROTH
 (croth@bannerwitcoff.com)
BANNER & WITCOFF, LTD.
1001 G STREET, N.W., 11TH FLOOR
WASHINGTON, DC 20001
TELEPHONE: (202) 824-3000

MARK T. BANNER
 (mbanner@bannerwitcoff.com)
CHRISTOPHER J. RENK
 (crenk@bannerwitcoff.com)

TIMOTHY C. MEECE
 (tmeece@bannerwitcoff.com)
BINAL J. PATEL (bpatel@bannerwitcoff.com)
MATTHEW P. BECKER
 (mbecker@bannerwitcoff.com)
JASON S. SHULL (jshull@bannerwitcoff.com)
BANNER & WITCOFF, LTD.
10 S. WACKER DRIVE, SUITE 3000
CHICAGO, IL 60606
TELEPHONE: (312) 463-5000

W. ANDREW COPENHAVER
 (acopenhaver@wcsr.com)
HADA V. HAULSEE (hhaulsee@wcsr.com)
MARK N. POOVEY (mpoovey@wcsr.com)
WOMBLE  CARLYLE  SANDRIDGE  &  RICE,
PLLC
ONE WEST FOURTH STREET
WINSTON-SALEM, NC 27101
TELEPHONE:  336-721-3655

***ATTORNEYS FOR LEXMARK INTERNATIONAL, INC.***

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON THIS THE 8TH DAY OF NOVEMBER, 2006, I SERVED A COPY OF THE FOREGOING NOTICE OF DEPOSITION TO THE FOLLOW COUNSEL BY ELECTRONIC TRANSMISSION:

W. Craig Robertson III (wrobertson@wyattfirm.com)
Mickey T. Webster (mwebster@wyattfirm.com)
Wyatt Tarrant & Combs, LLP
250 W. Main Street, Suite 1600
Lexington KY 40507
Attorneys for Static Control Components, Inc.

Seth D. Greenstein
(sgreenstein@constantinecannon.com)
Constantine Cannon, P.C.
1627 Eye Street, NW
Tenth Floor
Washington, D.C. 20006
Attorneys for Static Control Components, Inc.

Stefan M. Meisner (smeisner@mwe.com)
William H. Barrett (wbarrett@mwe.com)
Melise R. Blakeslee (mblakeslee@mwe.com)
Paul E. Poirot (ppoirot@mwe.com)
McDermott, Will & Emery
600 13TH Street, N.W.
Washington, D.C. 20005-3096
Attorneys for Static Control Components, Inc.

Kevin M. Bolan (kbolan@mwe.com)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Attorneys for Static Control Components, Inc.

William L. London (skipl@scc-inc.com)
Static Control Components, Inc.
3010 Lee Avenue, P.O. Box 152
Sanford, North Carolina 27331
Attorneys for Static Control Components, Inc.

James B. Heaton, III (jb.heaton@barlit-beck.com)
Allison W. Freedman (Allison.freedman@bartlit-beck.com)
Barlit Beck Herman Palenchar & Scott, LLP – Chicago

54 W. Hubbard Street
Suite 300
Chicago, IL 60610
Attorneys for Static Control Components, Inc.

Joseph C. Smith, Jr. (joseph.smith@bartlit-beck.com)
Alison G. Wheeler (alison.wheeler@bartlit-beck.com)
Barlit Beck Herman Palenchar & Scott, LLP – Denver
1899 Wynkoop Street
8th Floor
Denver, CO 80202
Attorneys for Static Control Components, Inc.

Douglas L. McSwain (dmcswain@sturgillturner.com)
Andrew DeSimone (adesimone@sturgillturner.com)
Sturgill, Turner, Barker & Moloney, PLLC
155 East Main Street
Lexington, KY 40507
Attorneys for Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises

Darren S. Enenstein (denenstein@mdfslaw.com)
Steven Dotan (sdotan@mdfslaw.com)
Ned Gelhaar (ngelhaar@mdfslaw.com)
O. Andrew Wheaton (awheaton@mdfslaw.com)
Geronimo Perez (gperez@mdfslaw.com)
Stephen J. Rafferty (srafferty@mdfslaw.com)
Moldo Davidson Fraioli Seror &
Sestanovich, LLP
2029 Century Park East, 21st Floor
Los Angeles, CA 90067
Attorneys for Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises

Elizabeth L. Swanson (els@elswanson.com)
Swanson and Associates
9454 Wilshire Boulevard
Suite 500
Beverly Hills, CA 90212
Attorneys for Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises

Michael R. Reinemann (mreinemann@c-m.com)
Thomas C. O'Konski (tok@c-m.com)
Cesari & McKenna, LLP
88 Black Falcon Avenue
Boston, Massachusetts 02210
Attorneys for NER Data Products, Inc

Jay E. Ingle (jingle@jacksonkelly.com)
Jackson Kelly PLLC
P.O. Box 2150
175 E. Main Street, Suite 500
Lexington, KY 40588-9945
Attorneys for NER Data Products, Inc

Elizabeth Thompson (ethompsonbk@stites.com)
Daniel E. Danford (ddanford@stites.com)
Stites & Harbison, PLLC
Suite 2300, 250 W. Main Street
Lexington, KY 40507
Attorneys for Pendl Companies, Inc.

Jack A. Wheat (jwheat@stites.com)
Joel T. Beres (jberes@stites.com)
Jennifer Kovalcik (jkovalcik@stites.com)
William Charles Ferrell, Jr. (wferrell@stites.com)
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Attorneys for Pendl Companies, Inc.

James R. Michels (randy.michels@stites.com)
Stites & Harbison, PLLC
424 Church Street, Suite 1800
Nashville, TN 37219
Attorneys for Pendl Companies, Inc.

David H. Weber (dhw@lcojlaw.com)
Liebmann, Conway, Olejniczak
& Jerry, S.C.
231 South Adams Street
Green Bay, Wisconsin 54301
Attorneys for Pendl Companies, Inc.

Michael P. Foley (mfoley@rendigs.com)
Rendigs, Fry, Kiely & Dennis, L.L.P.
900 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202-3688
Attorneys for Pendl Companies, Inc.

Terry J. Booth (tjb@piperschmidt.com)
Amy E. Wochos (aew@piperschmidt.com)
Piper & Schmidt

Fifth Floor – Van Buren Building
733 North Van Buren Street
Milwaukee, WI 53202-4709
Attorneys for American Family Mutual Insurance Company

Steven P. Bogart (sbogart@reinhartlaw.com)
Reinhart Boerner Van Deuren S.C.
1000 N. Water Street
Suite 2100
Milwaukee, WI 53202
Attorneys for Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises

Andrew Oatway (aco@morisi.com)
Morisi & Oatway, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA 02169-5203
Attorneys for NER Data Products, Inc.

Stanley L. Amberg (via U.S. Mail)
11 Carolyn Lane
Chappaqua, New York 10514
Attorneys for Static Control Components, Inc

Attorney for Lexmark International, Inc.
Stoll Keenon Ogden, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
(859) 231-3000 (Telephone)
(859) 253-1093 (Facsimile)
(hanly.ingram@skofirm.com)

**EXHIBIT A**

Pursuant to Federal Rule of Civil Procedure 45 and directed by the subpoena attached hereto, which has been issued by the District of D.C., you are requested to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control.  With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

**DEFINITIONS**

1.     The term "McDermott Will & Emery" means McDermott Will & Emery LLP, its past and current employees, attorneys, licensees, agents, representatives, and investigators, as well as any company name under which McDermott Will & Emery is or was doing business, its predecessors, partners, members, directors, officers, employees, agents, and each person acting or purporting to act on its or their behalf or under its or their control, including, but not limited to, Seth D. Greenstein, William H. Barrett, Melise R. Blakeslee, John R. Fuisz, Stefan M. Meisner, Ann M. Brose, and Paul E. Poirot.

2.     The term "Lexmark" means Lexmark International, Inc., as well as its employees, attorneys, licensees, agents, representatives, and investigators, as well as any company name under which Lexmark is or was doing business, its predecessors, parents, sisters, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, licensors, licensees, and attorneys, and each person acting or purporting to act on its or their behalf or under its

or their control.

3.    The term "SCC" means Static Control Components, Inc., as well as its employees, attorneys, licensees, agents, representatives, and investigators, as well as any company name under which SCC is or was doing business, its predecessors, parents, sisters, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, licensors, licensees, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

4.    The term "MSE" means Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises, as well as its employees, attorneys, licensees, agents, representatives, and investigators, as well as any company name under which MSE is or was doing business, its predecessors, parents, sisters, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, licensors, licensees, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

5.    The term "Pendl" means Pendl Companies, Inc., as well as its employees, attorneys, licensees, agents, representatives, and investigators, as well as any company name under which Pendl is or was doing business, its predecessors, parents, sisters, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, licensors, licensees, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

6.    The term "NER" means NER Data Products, Inc., as well as its employees, attorneys, licensees, agents, representatives, and investigators, as well as

any company name under which NER is or was doing business, its predecessors, parents, sisters, subsidiaries, divisions, directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, licensors, licensees, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

7.      The term "Lexmark Patents" means U.S. Patent Nos. 5,634,169, 5,707,743, 5,758,231, 5,758,233, 5,768,661, 5,802,432, 5,804,114, 5,874,172, 5,875,378, 5,880,244, 5,952,442, 5,995,772, 6,009,285, 6,009,291, 6,117,557, 6,160,073, 6,300,025, 6,397,015, 6,459,876,6,487,383,6,492,083, D399,249, and D458,300.

8.      The term "Prebate Program" means and refers to Lexmark's Prebate program for the sale of certain Lexmark toner cartridges that are sold at a special price subject to a restriction that the cartridge be used only once and returned only to Lexmark. Lexmark's Prebate program was renamed the "Lexmark Return Program" on April 22, 2003.

9.      The terms "document" or "documents" mean anything which would be a "writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, every original (and every copy of any original or copy which differs in any way from any original because of notations thereon or attachments thereto or otherwise) of every writing or recording of every kind of description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, memoranda,

correspondence, electronic mail, electronic data compilations, notes, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, notebooks, worksheets, reports, lists, analyses, summaries, ledger accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registration, solicitations, minutes, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agenda, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, instrument assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, x-rays, video or audio tapes and recordings.

10.    The terms "thing" or "things" mean any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

11.    The term "relating to" means alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, evidencing, showing, describing, reflecting, analyzing and/or constituting.

12.    "And," "or," as well as "and/or," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

13.    The terms "any" and "all" shall be read to mean each and every.

14.    The term "person" means a natural or judicial person, including any

corporation, proprietorship, partnership, agency, or business association of any type.

## INSTRUCTIONS

1.    In producing documents and things responsive to these requests, McDermott Will & Emery shall furnish all documents and things within its possession, custody or control, as they are kept in the ordinary course of business or they shall be organized and labeled to correspond with the document requests to which they are responsive, regardless of whether these documents and things are possessed directly by McDermott Will & Emery or by its present or past agents, employees, companies, licensees, representatives, investigators, or attorneys.

2.    If the attorney-client privilege or work product immunity is asserted as to any document or thing, or if any document or thing is not produced in full, produce the document or thing to the extent the request for production is not objected to, and, in so doing, state the following:

(a)    the specific ground(s) for not producing the document or thing in full;

(b)    the basis for such a claim of privilege or immunity and the facts supporting that basis; and

(c)    fully identify the information or material contained within the document or thing for which such privilege or immunity is asserted, including as applicable, the name of any document or thing; its date; the name, address and job title of each author or other person involved in its preparation, each addressee and each person to whom a copy of the document or thing has been sent or received; and the general nature of the document or thing (e.g., memoranda, letter).

3.    Where an objection is made to a request, state all grounds upon which McDermott Will & Emery's objection is based.

4.    If, after exercising due diligence, McDermott Will & Emery is unable to determine the existence of any documents or things falling within a specific request, McDermott Will & Emery shall so state in its written response.

5.    With respect to each of the following requests, McDermott Will & Emery shall identify and/or produce all documents which are known to it or which can be located or discovered by McDermott Will & Emery through diligent effort on McDermott Will & Emery's part, including, but not limited to, all documents which are in the business, personnel, and/or personal files of McDermott Will & Emery employees or contained or stored within a computer in the possession of McDermott Will & Emery or its representatives, attorneys, or accountants, or accessible to McDermott Will & Emery, its employees, or its representatives, attorneys, or accountants.

6.    Whenever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular and the disjunctive shall be deemed to include the conjunctive and the conjunctive shall be deemed to include the disjunctive so as to elicit all information potentially responsive to the request for production and all of its context.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:**    All documents, both privileged and non-privileged, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Request No. 2:**    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between McDermott Will & Emery and

SCC relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 3:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between SCC and MSE, including counsel for MSE, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 4:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between McDermott Will & Emery and MSE, including counsel for MSE, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 5:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between SCC and Pendl, including counsel for Pendl, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 6:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between McDermott Will & Emery and Pendl, including counsel for Pendl, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 7:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between SCC and NER, including counsel for NER, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 8:    All documents and things, both privileged and non-privileged, that reflect, embody, or discuss communications between McDermott Will & Emery and NER, including counsel for NER, relating to SCC's efforts to defeat Lexmark's Prebate Program. This Request includes, but is not limited to, any documents or things on which McDermott Will & Emery and/or SCC are/were carbon copied or blind copied.

Request No. 9:    All documents and things, relating to any claims or defenses of any party, for which the Court in this action rules that SCC has waived any claim of privilege.

**EXHIBIT B**

The definitions set forth in Exhibit A are incorporated herein by reference.

## DEPOSITION TOPICS

**Deposition Topic No. 1:**  Communications, both privileged and non-privileged, between McDermott Will & Emery and SCC relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 2:**  Communications, both privileged and non-privileged, between SCC and MSE, including counsel for MSE, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 3:**  Communications, both privileged and non-privileged, between McDermott Will & Emery and MSE, including counsel for MSE, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 4:**  Communications, both privileged and non-privileged, between SCC and Pendl, including counsel for Pendl, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 5:**  Communications, both privileged and non-privileged, between McDermott Will & Emery and Pendl, including counsel for Pendl, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 6:**  Communications, both privileged and non-privileged, between SCC and NER, including counsel for NER, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 7:** Communications, both privileged and non-privileged, between McDermott Will & Emery and NER, including counsel for NER, relating to SCC's efforts to defeat Lexmark's Prebate Program.

**Deposition Topic No. 8:** Communications, relating to any claims or defenses of any party, for which the Court in this action rules that SCC has waived any claim of privilege.

LEX 004155/113780/3467617.2

Exhibit 2

FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CASE NO. 04-CV-84-GFVT

STATIC CONTROL COMPONENTS, INC.      PLAINTIFF/COUNTERCLAIM DEFENDANT

v.                    **AGREED ORDER TO HOLD IN ABEYANCE**
                      **SUBPOENAS SERVED ON COUNSEL**
                      **FOR STATIC CONTROL COMPONENTS, INC.**

LEXMARK INTERNATIONAL, INC.          DEFENDANT/COUNTERCLAIM PLAINTIFF

v.

WAZANA BROTHERS INTERNATIONAL, INC.
d/b/a MICRO SOLUTIONS ENTERPRISES          COUNTERCLAIM DEFENDANT

v.

PENDL COMPANIES, INC.                      COUNTERCLAIM DEFENDANT

v.

NER DATA PRODUCTS, INC.                    COUNTERCLAIM DEFENDANT

**************************

This matter is before the Court as a result of Lexmark International, Inc. having served

certain notices of deposition and subpoenas *duces tecum* on counsel for Static Control

Components, Inc., including (a) the notices of deposition and subpoenas *duces tecum* dated

November 8, 2006 on (i) the law firm of Bartlit Beck Herman Palenchar & Scott, LLP, attn.

Joseph C. Smith, Jr.; (ii) the law firm of McDermott Will & Emery LLP, attn. Paul E. Poirot; (iii)

the law firm of Constantine Cannon, PC, attn. Seth D. Greenstein; (iv) the law firm of Wyatt,

Tarrant & Combs, LLP, attn. Mickey T. Webster, and (v) Stanley L. Amberg; and (b) notices of

deposition and/or subpoenas *duces tecum* issued or which will be issued to (i) the law firm of

83515.1

Moore & Van Allen, PLLC; (ii) Andrew Cohen; and (iii) David Harlow (collectively "Counsel for Static Control").

By agreement of the parties, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** and **ADJUDGED** as follows:

(1)    The notices of depositions and subpoenas are HELD IN ABEYANCE until the Court rules on "Plaintiff Static Control Components' Renewed Objections to Memorandum Opinion and Order Dated March 31, 2006, and Objections to Amended Memorandum Opinion and Order Dated June 15, 2006" ("Static Control's Objections") (Docket Entry # 337); and

(2)    Static Control and Counsel for Static Control are hereby granted an extension of time to and including five (5) business days from date of the Court's ruling on Static Control's Objections within which to serve objections to the notices of depositions and subpoenas, move to quash the subpoenas, or otherwise seek any other relief to which they may be entitled from the issuance and/or service of the notices of depositions and subpoenas.

Entered this _____ day of _____, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT


AGREED TO; TO BE ENTERED:

*s/Charles E. Shivel, Jr. by W. Craig Robertson, III with permission*
Charles E. Shivel, Jr.
Steven B. Loy
Hanly A. Ingram
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507

Joseph M. Potenza
Frederic M. Meeker

83515.1

Christopher B. Roth
Robert F. Altherr, Jr.
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC 20001

Mark T. Banner
Christopher J. Renk
Timothy C. Meece
Binal J. Patel
Matthew P. Becker
Jason S. Shull
Michael L. Krashin
Allen E. Hoover
Bradley Rademaker
Robert H. Resis
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, IL 60606

W. Andrew Copenhaver
Mark N. Poovey
Hada V. Haulsee
WOMBLE CARLYLE SANDRIDGE
AND RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101

***ATTORNEYS FOR LEXMARK INTERNATIONAL, INC.***


*s/W. Craig Robertson, III*
W. Craig Robertson III
Mickey T. Webster
WYATT TARRANT & COMBS, LLP
250 W. Main Street, Suite 1600
Lexington, KY 40507

Joseph C. Smith, Jr.
Alison G. Wheeler
BARLIT BECK HERMAN PALENCHAR & SCOTT, LLP -- Denver
1899 Wynkoop Street
8th Floor
Denver, CO 80202

83515.1

James B. Heaton, III
Allison W. Freedman
BARLIT BECK HERMAN PALENCHAR & SCOTT, LLP -- Chicago
54 W. Hubbard Street
Suite 300
Chicago, IL  60610

Seth D. Greenstein
CONSTANTINE CANNON, P.C.
1627 Eye Street, NW
Tenth Floor
Washington, D.C.  20006

Stefan M. Meisner, William H. Barrett,
Melise R. Blakeslee, Paul E. Poirot, John J. Dabney
McDERMOTT, WILL & EMERY LLP
600 13TH Street, N.W.
Washington, D.C. 20005-3096

Kevin M. Bolan
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

William L. London
Static Control Components, Inc.
3010 Lee Avenue, P.O. Box 152
Sanford, North Carolina  27331

Stanley L. Amberg
11 Carolyn Lane
Chappaqua, New York 10514

***Attorneys for Static Control Components, Inc.***

30431437.1

4

83515.1