UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC.,<br><br>   PLAINTIFF/COUNTERCLAIM<br>   DEFENDANT<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>   DEFENDANT/COUNTERCLAIM<br>   PLAINTIFF<br><br>v.<br><br>WAZANA BROTHERS INTERNATIONAL,<br>INC. d/b/a MICRO SOLUTIONS ENTERPRISES<br><br>   COUNTERCLAIM DEFENDANT<br><br>v.<br><br>PENDL COMPANIES, INC.<br><br>   COUNTERCLAIM DEFENDANT<br><br>v.<br><br>NER DATA PRODUCTS, INC.<br><br>   COUNTERCLAIM DEFENDANT | Pending in the United States District Court Eastern District of Kentucky, before the Honorable Gregory F. Van Tatenhove, Civil Action 04-CV-84-GFVT.<br><br><br><br><br><br><br><br><br><br>MISCELLANEOUS ACTION NO.<br>06-0474-GK |

MCDERMOTT WILL & EMERY LLP'S OPPOSITION TO
LEXMARK INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY
TO MCDERMOTT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ON
OPPOSING LITIGATION COUNSEL

I. INTRODUCTION.

McDermott Will & Emery LLP ("McDermott") opposes Lexmark International, Inc.'s

Motion for Leave to File Sur-Reply to McDermott's Reply in Support of Motion to Quash

Subpoena on Opposing Litigation Counsel ("Lexmark's Motion to File Sur-Reply"). Lexmark

**RECEIVED**

DEC - 6 2006

WDC99 1318814-1.059787.0017  NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

International, Inc.'s ("Lexmark's") motion attempts to assert arguments that it made or could have made in its Opposition to Motion to Quash Lexmark's Subpoena on Opposing Counsel ("Lexmark's Opposition"), but did not. Lexmark's Motion for Leave to File Sur-Reply is groundless because none of the issues that Lexmark now seeks to address in surreply were raised for the first time in the Reply in Support of McDermott Will & Emery's Motion to Quash Lexmark's Subpoena on Opposing Litigation Counsel ("McDermott's Reply"). Lexmark's Motion to File Sur-Reply is yet another example of Lexmark's abuse of the discovery process by persisting in enforcement of an improper subpoena.

## II. ARGUMENT: THE COURT SHOULD DENY LEXMARK'S MOTION TO FILE SUR-REPLY AND AWARD MCDERMOTT ATTORNEYS FEES.

### A. Lexmark's Motion to File Sur-Reply is Procedurally Defective Because McDermott Will & Emery's Reply Does Not Contain Any New Arguments.

Lexmark's Motion to File Sur-Reply is procedurally defective because McDermott's Reply does not raise any new arguments. " The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "The matter must be truly new." *U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 144 (D.D.C. 2004). The motion should be denied when the party seeking to file a surreply raised "issues that have already been addressed or had the opportunity to address." *U.S. CFTC v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006) (denying the motion to file surreply).

Although Lexmark asserts in its Motion to File Sur-Reply that Lexmark is responding to new arguments raised by McDermott in McDermott's Reply (Lexmark Motion at 2), Lexmark's surreply fails to identify any new arguments that were raised by McDermott. ***The reason is simple--McDermott's Reply did not raise any new arguments.*** McDermott's Reply responded to arguments made in Lexmark's Opposition and highlighted the failure of Lexmark to address

2

McDermott's argument that the October 18 subpoena was directed at obviously privileged materials. Because McDermott's Reply did not raise any new issues, the Motion to File Sur-Reply must be denied.

### B. Lexmark's Motion to File Sur-Reply Fails to Identify Any New Arguments Made by McDermott in Its Reply and Instead Proceeds to Make Arguments that Lexmark Made or Could Have Made in Its Opposition.

After failing to identify any new arguments made by McDermott in its Reply, Lexmark now seeks leave to file a surreply in order to assert arguments that it made or could have made in its opposition, but did not.[1] Lexmark is prohibited from raising these issues in surreply. *See Lightfoot v. District of Columbia*, 2006 U.S. Dist. LEXIS 1358, *2 (D.D.C. 2006) (stating that "the plaintiff's surreply raises facts and legal issues not previously addressed. Thus, it is not appropriate to permit the surreply to be filed."); *U.S. CFTC v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006) (denying motion to file surreply because the reply raised "issues that the parties have already addressed or had the opportunity to address").

*First*, Lexmark asserts that McDermott's Motion to Quash Lexmark's Subpoena on Opposing Counsel ("Motion to Quash") should be held in abeyance pending the decision of two motions that are currently before the Eastern District of Kentucky. Lexmark's Sur-Reply at 2. Lexmark is prohibited from asserting this argument in surreply, since there is no justifiable

---

[1] Lexmark's surreply attempts to narrow the scope of the subpoena, limiting it to "communications between McDermott and Pendl in view of the waiver of the Becker Opinion by Pendl," Lexmark's Sur-Reply at 4, in an apparent attempt to avoid the sanction of fees and subpoena quashing. This argument was already made by Lexmark in its Opposition. Lexmark is not entitled to readdress issues in surreply that it had ample opportunity to discuss in its Opposition. *U.S. CFTC v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006) (denying motion to file surreply because the reply raised "issues that the parties have already addressed or had the opportunity to address). Furthermore, Lexmark's insistence in pursuing even this narrower aspect of its October 18 subpoena in light of McDermott's Memorandum is insulting and abusive. McDermott has asserted in its Memorandum, supported by the sworn declaration of William H. Barrett, that it has had no communications with Pendl, Mr. Becker, or Coudert Brothers concerning Pendl or this litigation.[1] *See* Ex. 4 to McDermott's Memorandum, Declaration of William H. Barrett at ¶. 12-13. Lexmark's Motion essentially contends that McDermott has perjured itself.

reason why Lexmark could not have made this argument in its Opposition. The motions by Pendl Companies, Inc. ("Pendl") and by Wyatt, Tarrant & Combs, LLP that are currently before the Kentucky court were filed on November 3, 2006 and October 30, 2006—well before Lexmark filed its Opposition on November 13, 2006. Because Lexmark had ample opportunity to raise this argument in its Opposition, Lexmark's Motion to File Sur-Reply should be denied. *See U.S. CFTC v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006) (denying motion to file surreply because the reply raised "issues that the parties have already addressed or had the opportunity to address"). Furthermore, Lexmark advances the bizarre argument that McDermott has wasted this Court's time by refusing to hold the October 18 subpoena in abeyance pending the decisions from the Kentucky court. McDermott must first point out that Lexmark has never asked McDermott to agree to hold this subpoena in abeyance. More to the point, McDermott is entitled to the protections afforded to trial counsel under District of Columbia precedent governing subpoenas issued within this circuit. Lexmark's desire to skirt those protections cannot be recast as a failing of McDermott to cooperate in Lexmark's desire to forum-shop.

*Second*, recognizing the infirmities of relying solely on an alleged waiver by Static Control to justify its improper subpoena predicated on an advice of counsel defense asserted by Pendl, Lexmark belatedly attempts to address the merits of McDermott's Motion to Quash. Lexmark now attempts to distinguish the caselaw cited by McDermott in its initial Motion to Quash. Lexmark Motion at 6-7. However, there is no reason whatsoever that Lexmark was unable to address these cases in its Opposition.

Lexmark failed to raise these arguments in its Opposition despite the fact that it had ample time and opportunity to do so. The existence of the two pending motions cited above and the ample caselaw cited by McDermott in its Motion to Quash were hardly matters to which

Lexmark would otherwise have been unable to respond in its Opposition. Lexmark took a litigation gamble by failing to address these arguments in its Opposition. It would be inappropriate to permit Lexmark to do so now. *See U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 144 (D.D.C. 2004) (denying a motion for leave to file a surreply, stating that the party "took a litigation gamble by not fully addressing the separate agreements in its opposition brief, and lost").

### C. Lexmark's Abuse of The Rule 45 Subpoena Power Warrants The Sanction of Attorney Fees.

Lexmark continues to abuse the Rule 45 subpoena power by serving a defective subpoena on McDermott and continuing to seek to enforce it, now with this specious and procedurally defective Motion for Leave to File Sur-Reply. Lexmark's reckless efforts to enforce the October 18 subpoena has forced unnecessary, needless, and time consuming motion practice in this Court; has distracted and harassed McDermott in the closing weeks of discovery and now with dispositive motions due; and has caused McDermott and its client, Static Control, to incur unwarranted costs. For these reasons, McDermott respectfully requests the Court to award it attorneys fees to cover McDermott's and Static Control's costs in defending against Lexmark's meritless subpoena.

### III. CONCLUSION.

For the reasons set forth above, McDermott respectfully requests the Court to DENY Lexmark's Motion for Leave to File Sur-Reply. Because Lexmark continues to be unreasonable and intransigent in seeking to enforce the October 18 subpoena, now with the present Motion for Leave to File Sur-Reply, McDermott respectfully requests the Court to tax attorneys fees to cover McDermott's costs in defending against Lexmark's defective and indefensible subpoena, including all costs associated with opposing Lexmark's Motion for Leave to File Sur-Reply.

Respectfully Submitted,

*William H. Barrett*

William H. Barrett (D.C. Bar No 954131)
Stefan M. Meisner (D.C. Bar No. 467886)
Paul E. Poirot (D.C. Bar No. 459844)
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Telephone: 202.756.8000

*For itself and as Attorneys for
Plaintiff/Counterclaim Defendant
STATIC CONTROL COMPONENTS, INC.*

Dated: December 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served this 6th day of December 2006, by electronic mail, to the following (*) individuals:

**BY FIRST CLASS MAIL:**

Charles F. Shivel, Jr.
Steven B. Loy*
Hanly A. Ingram
STOLL, KEENON & PARK, LLP
300 West Vine St., Suite 2100
Lexington, KY 40507
Fax: (859) 253-1093
*Counsel for Lexmark Int'l, Inc.*

Joseph M. Potenza*
BANNER & WITCOFF, LTD.
1001 G Street, NW, 11th Floor
Washington, DC 20001
Fax: (202) 508-9299
*Counsel for Lexmark Int'l, Inc.*

Christopher J. Renk
Binal J. Patel*
Jason S. Shull
Timothy C. Meece
BANNER & WITCOFF, LTD.
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Fax: (312) 715-1234
*Counsel for Lexmark Int'l, Inc.*

W. Andrew Copenhaver*
Donald R. Esposito, Jr.
Hada V. Haulsee, Mark N. Poovey
WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
*Counsel for Lexmark Int'l, Inc.*

Douglas L. McSwain
Andrew DeSimone*
STURGILL, TURNER, BARKER & MOLONEY PLLC
155 E. Main Street, Suite 400
Lexington, KY 40507-1317
*Counsel for Wazana Bros. Int'l, Inc.*

Darren S. Enenstein
Steven E. Moyer
O. Andrew Wheaton
Geronimo Perez
A. Steven Dotan*
Kimberly D. Lewis
James M. Gilbert
Jeffrey Glassman
Ira M. Siegel
Donald Urrabazo
Ned Gelhaar
Gregory Kim
MOLDO DAVIDSON FRAIOLI SEROR & SESTANOVICH, LLP
1925 Century Park East, 16th Floor
Los Angeles, CA 90067
*Counsel for Wazana Bros. Int'l, Inc.*

Jack A. Wheat
Joel T. Beres*
Jennifer L. Kovalcik
William C. Ferrell, Jr.
STITES & HARBISON
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352
*Counsel for Pendl Companies, Inc.*

Elizabeth L. Thompson
Daniel D. Danford*
STITES & HARBISON PLLC
250 W. Main Street
2300 Lexington Financial Center
Lexington, KY 40507
*Counsel for Pendl Companies, Inc.*

7

Jay E. Ingle*
JACKSON KELLY PLLC
175 E. Main Street, Suite 500
P.O. Box 2150
Lexington, KY 40588-9945
*Counsel for NER Data Products, Inc.*

Thomas C. O'Konski
Michael R. Reinemann*
CESARI & MCKENNA, LLP
88 Black Falcon Avenue
Suite 271
Boston, MA 02210
*Counsel for NER Data Products, Inc.*

Andrew Oatway*
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA 02169-5203
*Counsel for NER Data Products, Inc.*

/s/ William H. Burgess

McDermott Will & Emery LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC.,<br><br>   PLAINTIFF/COUNTERCLAIM DEFENDANT<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>   DEFENDANT/COUNTERCLAIM PLAINTIFF<br><br>v.<br><br>WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES<br><br>   COUNTERCLAIM DEFENDANT<br><br>v.<br><br>PENDL COMPANIES, INC.<br><br>   COUNTERCLAIM DEFENDANT<br><br>v.<br><br>NER DATA PRODUCTS, INC.<br><br>   COUNTERCLAIM DEFENDANT | Pending in the United States District Court Eastern District of Kentucky, before the Honorable Gregory F. Van Tatenhove, Civil Action 04-CV-84-GFVT.<br><br><br><br><br><br><br><br>MISCELLANEOUS ACTION NO. 06-0474-GK |

**PROPOSED ORDER**

Upon consideration of McDermott Will & Emery LLP's Opposition to Lexmark International, Inc.'s Motion for Leave to File Sur-Reply, it is hereby ORDERED as follows:

1. Lexmark's Motion for Leave to File Sur-Reply is DENIED.

2. Lexmark shall pay all attorney's fees incurred by McDermott in connection with opposing Lexmark's Motion for Leave to File Sur-Reply.

9

SIGNED and ENTERED this _____ day of _____, 2006

_____
United States District Judge